UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YOUSIF AHMED,

       Plaintiff,

v.                 5:13-CV-0573
                    (GTS/TWD)
FRAZER & JONES COMPANY,

       Defendant.
_____

APPEARANCES:            OF COUNSEL:

YOUSIF AHMED
 Plaintiff, *Pro Se*
811 Burnet Ave Apt XI
Syracuse, NY 13203

BOND, SCHOENECK & KING, PLLC     THOMAS G. ERON, ESQ.
 Counsel for Defendant          KERRY W. LANGAN, ESQ.
One Lincoln Center
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this employment discrimination action filed *pro se* by Yousif Ahmed ("Plaintiff") against Frazer & Jones Company ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, is Defendant's unopposed motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 18.) For the reasons set forth below, Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Summary of Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint claims that, in September of 2011, Defendant discriminatorily suspended then terminated his employment based on his race/color and national origin in violation of Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)

### B. Undisputed Material Facts

The following material facts were asserted and supported by Defendant in its Local Rule 7.1 Statement and not controverted by Plaintiff in any Local Rule 7.1 Response, despite the fact that he was twice given specific notice of the consequences of failing to so respond (and the fact that he previously received a courtesy copy of both the Court's Local Rules of Practice and *Pro Se* Handbook). (Dkt. No. 18, Attach. 3 [Def.'s Rule 7.1 Statement]; Dkt. No. 18, Attach. 4 [First Notification of Consequences]; Dkt. No. 21 [Second Notification of Consequences]; Dkt. No. 3 [Notice of *Pro Se* Handbook and Local Rules].)

1. Defendant is a high-quality ductile and malleable iron foundry that has been in business for over 150 years in Syracuse, New York.

2. Plaintiff was hired on November 11, 2006, to work as a Hard Iron Sorter at Defendant's manufacturing facility in Syracuse, New York.

3. Plaintiff was a member of the Communication Workers of America, Local 81300 ("Union").

4. On September 2, 2011, Defendant suspended Plaintiff, pending investigation, for pushing and threatening a co-worker.

5. On September 6, 2011, Defendant terminated Plaintiff for his conduct on September 2, 2011.

6. Pursuant to the collective bargaining agreement between Defendant and the Union, the Union was promptly notified of Plaintiff's termination and represented him throughout the termination process.

7. On October 4, 2012, Plaintiff filed a complaint with the New York State Division of Human Rights ("Division") claiming that he was discriminated against because of an alleged disability.

8. On October 10, 2012, the Division dismissed Plaintiff's complaint for untimeliness because it was not filed within one year of the alleged discrimination.

9. Plaintiff's Division complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

10. On February 26, 2013, the EEOC issued a Dismissal and Notice of Rights.

11. The EEOC Dismissal and Notice of Rights stated that Plaintiff's charge was dismissed for lack of jurisdiction because the charge was not timely filed.

12. On April 28, 2014, Defendant was served with a Summons and Complaint, later filed by Plaintiff with this Court on May 17, 2013, alleging that Defendant discriminated against him based on his race/color and national origin.

### C. Briefing on Defendant's Motion

Generally, in support of its motion for summary judgment, Defendant argues that Plaintiff's Complaint must be dismissed as untimely for the following reasons: (1) an individual may not maintain a cause of action pursuant to Title VII unless he has first filed a claim with the EEOC or an equivalent state agency within 300 days of the alleged discriminatory act; (2) a discriminatory termination is considered a "discrete act"; (3) here, Plaintiff was terminated on September 6, 2011, 300 days after which was July 2, 2012; and (4) however, he did not file with the Division until October 4, 2012. (Dkt. No. 18, Attach. 1 [Def.'s Memo. of Law].)

Plaintiff did not file an opposition memorandum of law (or any opposition paper), despite having been twice given specific notice of the consequences of failing to do so (Dkt. No. 18, Attach. 4 [First Notification of Consequences]; Dkt. No. 21 [Second Notification of Consequences]); and the deadline by which to do so expired more than seven-and-a-half months ago (*see generally* Docket Sheet).

## II. RELEVANT LEGAL STANDARD

Because Defendant, in its memorandum of law, accurately summarizes the legal standard governing motions for summary judgment, the Court will not recite that well-known legal standard. (Dkt. No. 18, Attach. 1, at Part I [Def.'s Memo. of Law].) To that summary, the Court would add only two brief points.

First, implied in the burden-shifting standard referenced by Defendant is the fact that, where a nonmoving party fails to adequately respond to a properly supported Statement of Material Facts, a district court has no duty to perform an independent review of the record to find

proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[1] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[2] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[3] For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's properly supported Statement of Material Facts to have been admitted where the nonmoving party has failed to properly respond to that statement[4]–even where the nonmoving party is proceeding *pro se* in a civil rights case.[5]

Second, in this District, when a non-movant fails to oppose a legal argument asserted by a movant in a properly filed memorandum of law (submitted in support of a motion for summary judgment), the movant's burden with regard to that argument is lightened such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v.*

---

[1] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[2] *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

[3] *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

[4] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[5] *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

*Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases). Again, this rule applies even to *pro se* litigants, especially ones who have received notice of the consequence of that failure to respond.[6]

## III. ANALYSIS

After carefully considering the matter, the Court finds, for the reasons stated in Defendant's memorandum of law, that Defendant has met its modest burden of showing the facial merit of its argument that Plaintiff's Complaint must be dismissed as untimely. (*See, supra,* Part I.C. of this Decision and Order.)

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

The Clerk is directed to enter judgment for Defendant and close this action.

Dated: February 4, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[6] Alternatively, the court can deem the challenged claim abandoned (regardless of the facial merit of the unresponded-to argument). *See Jackson v. Federal Exp.*, No. 12-1475, 2014 WL 4412333, at *6 (2d Cir. 2014) ("Where a partial response to a motion is made– i.e., referencing some claims or defenses but not others–a distinction between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").